# EXHIBIT A



ORIGINAL

FILED
Superior Court Of California
County Of Los Angeles

SEP 22 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Charlie L. Coleman

CA
A 6024
D311    Wiley, Jr.

**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
LAUNA ADOLPH (SBN 227743)
KAYVON SABOURIAN (SBN 310863)
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff Jamie Mojarro,
individually and on behalf of all others
similarly situated

**BY FAX**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| JAMIE MOJARRO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTERSTATE MANAGEMENT COMPANY, LLC, a Delaware limited liability company; INTERSTATE HOTELS & RESORTS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. **BC 677120**<br><br>**CLASS ACTION**<br><br>**COMPLAINT:**<br><br>1. Failure to Provide Meal Periods<br>2. Failure to Authorize and Permit Rest Periods<br>3. Failure to Pay Minimum Wages<br>4. Failure to Pay Overtime Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Furnish Accurate Itemized Wage Statements<br>7. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>8. Unfair and Unlawful Business Practices<br><br>**DEMAND FOR JURY TRIAL** |

CIT/CASE: BC677120
LEA/DEFA:

RECEIPT #: CCH24311C089
DATE PAID: 09/22/17   04:00:
PAYMENT: $1,435.00
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD:

$1,435.00
$0.00
$0.00
$0.00
$0.00

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1                    CLASS ACTION COMPLAINT

1    PLAINTIFF JAMIE MOJARRO ("PLAINTIFF"), individually and on behalf of all others

2    similarly situated, hereby alleges as follows:

### INTRODUCTION

4    1.    PLAINTIFF brings this action on behalf of herself and all other similarly-situated

5    current and former non-exempt employees of defendants INTERSTATE MANAGEMENT

6    COMPANY, LLC ("IMC"), INTERSTATE HOTELS & RESORTS, INC. ("IHR") and DOES 1

7    through 50 inclusive (collectively, "DEFENDANTS") in the State of California during the

8    relevant statutory period to recover, among other things, unpaid compensation arising from

9    DEFENDANTS' failure to provide employees meal and rest periods (or compensation therefor)

10    as required under California law, unpaid minimum and overtime wages, and unreimbursed

11    business expenses. PLAINTIFF also seeks penalties, interest, attorneys' fees, costs and expenses,

12    and equitable, restitutionary and injunctive relief.

### JURISDICTION AND VENUE

14    2.    The Superior Court of the State of California has jurisdiction in this matter because

15    PLAINTIFF is a resident of the State of California, and DEFENDANTS are qualified to do

16    business in California and regularly conduct business in California. Further, no federal question is at

17    issue because the claims are based solely on California law.

18    3.    Venue is proper in this judicial district because PLAINTIFF and other person

19    similarly situated performed work for DEFENDANTS in Los Angeles County, DEFENDANTS

20    maintain offices and facilities and transact business in Los Angeles County, and DEFENDANTS'

21    illegal policies and practices which are the subject of this action were applied, at least in part, to

22    PLAINTIFF and other persons similarly situated in Los Angeles County.

### THE PARTIES

24    4.    PLAINTIFF is a resident of the State of California and a former employee of

25    DEFENDANTS. PLAINTIFF worked for DEFENDANTS in Commerce, California until

26    approximately September 30, 2014.

27    5.    PLAINTIFF brings this action on behalf of herself and the following similarly

28    situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

2

CLASS ACTION COMPLAINT

Doc# 1 Page# 2 - Doc ID = 1711560301 - Doc Type = OTHER

Exhibit A, Page 18

1  employees of DEFENDANTS in the State of California at any time within the period

2  beginning four (4) years prior to the filing of this action and ending at the time this action

3  settles or proceeds to final judgment (the "CLASS PERIOD").  PLAINTIFF reserves the right

4  to name additional class representatives.

5      6.     PLAINTIFF is informed and believes, and thereon alleges, that IMC is, and at all

6  times relevant hereto was, a Delaware limited liability company organized and existing under the

7  laws of the State of Delaware with its principal place of business in Arlington, Virginia.

8  PLAINTIFF is further informed and believes, and thereon alleges, that IMC is authorized to

9  conduct business in the State of California, and does conduct business in the State of California.

10  Specifically, IMC maintains offices and facilities, conducts business, and engages in illegal

11  practices in Los Angeles County, California.

12      7.     PLAINTIFF is informed and believes, and thereon alleges, that IHR is, and at all

13  times relevant hereto was, a Delaware corporation organized and existing under the laws of the

14  State of Delaware with its principal place of business in Arlington, Virginia.  PLAINTIFF is

15  further informed and believes, and thereon alleges, that IHR is authorized to conduct business in

16  the State of California, and does conduct business in the State of California.  Specifically, IHR

17  maintains offices and facilities, conducts business, and engages in illegal practices in Los Angeles

18  County, California.

19      8.     The true names and capacities of DOES 1 through 50, inclusive, are unknown to

20  PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE defendants under fictitious

21  names.   PLAINTIFF is informed and believes, and thereon alleges, that each defendant

22  designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and

23  that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were

24  proximately caused by the conduct of such DOE defendants.  PLAINTIFF will seek leave of

25  Court to amend this Complaint to allege their true names and capacities of such DOE defendants

26  when ascertained.

27      9.     At all relevant times herein, DEFENDANTS were the joint employers of

28  PLAINTIFF and CLASS MEMBERS.   PLAINTIFF is informed and believes, and thereon

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

3                              CLASS ACTION COMPLAINT

1    alleges, that at all relevant times DEFENDANTS were the alter egos, divisions, affiliates,

2    integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-

3    conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible,

4    of each other.  Each defendant was completely dominated by his, her or its co-defendant, and

5    each was the alter ego of the other.

6         10.    At all relevant times, PLAINTIFF and CLASS MEMBERS were employed by

7    DEFENDANTS under employment agreements that were partly written, partly oral, and partly

8    implied.  In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of

9    them, acted pursuant to, and in furtherance of, their policies and practices of not paying

10   PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes

11   which include, but are not limited to, failing to provide meal and to pay overtime premiums;

12   failing to provide accurate itemized statements; failing to maintain required records;; failing to

13   properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures, in

14   violation of the California Labor Code and the applicable Industrial Welfare Commission

15   ("IWC") Wage Order.

16        11.    PLAINTIFF is informed and believes, and thereon alleges, that each and every one

17   of the acts and omissions alleged herein were performed by, and/or attributable to, all

18   DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control

19   of each of the other defendants, and that said acts and failures to act were within the course and

20   scope of said agency, employment and/or direction and control.

21        12.    As a direct and proximate result of DEFENDANTS' unlawful actions,

22   PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings

23   in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this

24   Court.

25                           **CLASS ACTION ALLEGATIONS**

26        13.    This action is appropriately suited for a class action because:

27             a.    The potential class is of a significant number.  Joinder of all current and

28   former employees individually would be impracticable.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

4                        CLASS ACTION COMPLAINT

b.    This action involves common questions of law and fact because the action focuses on DEFENDANTS' illegal practices and policies, which are applied to all non-exempt employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.    PLAINTIFF's claims are typical of the claims of the class because DEFENDANTS subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

d.    PLAINTIFF will fairly and adequately protect the interests of all CLASS MEMBERS and does not have any conflicts of interest with the CLASS MEMBERS.

e.    A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### FIRST CAUSE OF ACTION

### Failure to Provide Meal Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 5-2001 § 11]

### (Against all DEFENDANTS)

14.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 13.

15.    During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to provide PLAINTIFF and CLASS MEMBERS full and timely meal periods as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5-2001 § 11.

16.    As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5-2001 § 11.

17.    DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 5-2001 § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided a meal period, in accordance with the applicable Wage

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

5

CLASS ACTION COMPLAINT

Doc# 1 Page# 5 - Doc ID = 1711560301 - Doc Type = OTHER

Exhibit A, Page 21

1    Order, one additional hour of compensation at each employee's regular rate of pay for each

2    workday that a meal period was not provided.

3        18.    As a direct and proximate result of the aforementioned violations, PLAINTIFF and

4    CLASS MEMBERS have sustained economic damages, including but not limited to unpaid

5    wages and lost interest, in an amount according to proof at trial, and are entitled to recover

6    economic and statutory damages and penalties and other appropriate relief due to

7    DEFENDANTS' violations of the California Labor Code and IWC Wage Order No. 5-2001.

8                        **SECOND CAUSE OF ACTION**

9                    **Failure to Authorize and Permit Rest Periods**

10              **[Cal. Labor Code § 226.7; IWC Wage Order No. 5-2001 § 12]**

11                        **(Against all DEFENDANTS)**

12        19.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

13    allegations in paragraphs 1 through 18.

14        20.    During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy

15    and practice of failing to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest

16    breaks as required by California Labor Code § 226.7 and IWC Wage Order No. 5-2001 § 12. As

17    a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS

18    MEMBERS regularly have been, and continue to be, denied the opportunity to take full,

19    uninterrupted, and timely rest periods as required under California Labor Code § 226.7 and IWC

20    Wage Order No. 5-2001 § 12.

21        21.    DEFENDANTS violated, and continue to violate, California Labor Code § 226.7

22    and IWC Wage Order No. 5-2001 § 12 by failing to pay PLAINTIFF and CLASS MEMBERS

23    who were not provided a rest period, in accordance with the applicable Wage Order, one

24    additional hour of compensation at each employee's regular rate of pay for each workday that a

25    rest period was not provided.

26        22.    As a direct and proximate result of the aforementioned violations, PLAINTIFF and

27    CLASS MEMBERS have sustained economic damages, including but not limited to unpaid

28    wages and lost interest, in an amount according to proof at trial, and are entitled to recover

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

6                        CLASS ACTION COMPLAINT

Doc# 1 Page# 6 - Doc ID = 1711560301 - Doc Type = OTHER

1   economic and statutory damages and penalties and other appropriate relief due to

2   DEFENDANTS' violations of the California Labor Code and IWC Wage Order No. 5-2001.

3   **THIRD CAUSE OF ACTION**

4   **Failure to Pay Minimum Wages**

5   **[Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 5-2001 § 4]**

6   **(Against all DEFENDANTS)**

7   23.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

8   allegations in paragraphs 1 through 22.

9   24.   Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 5-

10   2001 § 4, payment to an employee of less than the applicable minimum wage for all hours

11   worked in a payroll period is unlawful.

12   25.   During the CLASS PERIOD, DEFENDANTS failed to pay, and continue to fail to

13   pay, PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other

14   things: requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work off the

15   clock; requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work through

16   meal breaks; illegally and inaccurately recording time worked by PLAINTIFF and CLASS

17   MEMBERS; and other methods to be discovered.

18   26.   DEFENDANTS knew or should have known that PLAINIFF and CLASS

19   MEMBERS worked hours for which they were not compensated.

20   27.   DEFENDANTS' conduct described herein violates, and continue to violate,

21   California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 5-2001 § 4. As a proximate

22   result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been

23   damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code

24   §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions of the Labor Code and

25   IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid

26   balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees,

27   expenses, and costs of suit.

28   ///

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

7                                    CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages

[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 5-2001 § 3]

(Against all DEFENDANTS)

28.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 27.

29.    Pursuant to California Labor Code §§ 510 and 1194 and IWC Wage Order No. 5-2001 § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

30.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194 and IWC Wage Order No. 5-2001.  During the CLASS PERIOD, DEFENDANTS failed to compensate, and continue to fail to compensate, PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) times or double the regular rate of pay as provided by California Labor Code §§ 510 and 1194 and IWC Wage Order No. 5-2001 § 3; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks but not compensating them for this time and failing to include this time in their hours worked; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; and other methods to be discovered.

31.    DEFENDANT knew or should have known that PLAINTIFF and CLASS MEMBERS worked hours for which they were not compensated.

8

CLASS ACTION COMPLAINT

32.    In violation of California law, DEFENDANTS failed, and continue to fail, to pay PLAINTIFF and CLASS MEMBERS overtime wages for all hours worked.  As a direct and proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, resulting in damages in amounts according to proof at time of trial and within the jurisdiction of this Court.

33.    DEFENDANTS' conduct described herein violated, and continues to violate, California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 5-2001 § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the California Labor Code and IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

34.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 33.

35.    California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

36.    Pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours prior notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

37.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is

9

CLASS ACTION COMPLAINT

1   discharged or who quits, the employer is liable for waiting time penalties in the form of continued
2   compensation to the employee at the same rate for up to 30 workdays.
3       38.   During the CLASS PERIOD, DEFENDANTS willfully failed, and continue to
4   willfully fail, to pay accrued wages and other compensation to PLAINTIFF and CLASS
5   MEMBERS in accordance with California Labor Code §§ 201 and 202.
6       39.   As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available
7   statutory penalties, including the waiting time penalties provided in California Labor Code § 203,
8   together with interest thereon, as well as other available remedies.

9                          **SIXTH CAUSE OF ACTION**
10              **Failure to Furnish Accurate Itemized Wage Statements**
11             **[Cal. Labor Code § 226; IWC Wage Order No. 5-2001 § 7]**
12                          **(Against all DEFENDANTS)**

13      40.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the
14   allegations in paragraphs 1 through 39.
15      41.   During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed
16   to provide, and continue to fail, to provide PLAINTIFF and CLASS MEMBERS timely and
17   accurate itemized wage statements in writing showing each employee's gross wages earned, total
18   hours worked, all deductions made, net wages earned, the inclusive dates of the pay period, the
19   name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS,
20   and all applicable hourly rates in effect during each pay period and the corresponding number of
21   hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage
22   Order No. 5-2001 § 7.
23      42.   During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS suffered, and
24   continue to suffer, injury as a result of DEFENDANTS' failure to provide timely and accurate
25   itemized wage statements, as PLAINTIFF and CLASS MEMBERS could not promptly and easily
26   determine from the wage statement alone one or more of the following: the gross wages earned,
27   the total hours worked, all deductions made, the net wages earned, the inclusive dates of the pay
28   period, the name and address of the legal entity or entities employing PLAINTIFF and CLASS

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

10                          CLASS ACTION COMPLAINT

Doc# 1 Page# 10 - Doc ID = 1711560301 - Doc Type = OTHER

Exhibit A, Page 26

1   MEMBERS, and/or all applicable hourly rates in effect during each pay period and the

2   corresponding number of hours worked at each hourly rate.

3       43.   As a direct and proximate result of DEFENDANTS' unlawful actions and

4   omissions, PLAINTIFF and CLASS MEMBERS have suffered actual damages in an amount

5   according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally,

6   PLAINTIFF and CLASS MEMBERS are entitled to an award of costs, expenses, and reasonable

7   attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as

8   well as other available remedies.

9                       **SEVENTH CAUSE OF ACTION**

10              **Failure to Indemnify Employees for Necessary Expenditures**

11                       **Incurred in Discharge of Duties**

12                       **[Cal. Labor Code § 2802]**

13                       **(Against all DEFENDANTS)**

14      44.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

15   allegations in paragraphs 1 through 43.

16      45.   California Labor Code § 2802(a) requires an employer to indemnify an employee

17   for all necessary expenditures or losses incurred by the employee in direct consequence of the

18   discharge of her his or her duties, or of his or her obedience to the directions of the employer.

19      46.   During the CLASS PERIOD, DEFENDANTS failed, and continue to fail, to

20   indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred

21   in direct consequence of the discharge of their duties while working under the direction of

22   DEFENDANTS, including but not limited to expenses for travel, mileage, and other employment-

23   related expenses, in violation of California Labor Code § 2802.

24      47.   As a proximate result of DEFENDANTS' unlawful actions and omissions,

25   PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

26   trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to

27   California Labor Code § 2802(b).   Additionally, PLAINTIFF and CLASS MEMBERS are

28   entitled to all available statutory penalties and an award of costs, expenses, and reasonable

                                11                    CLASS ACTION COMPLAINT

1  attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other

2  available remedies.

### EIGHTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code § 17200, et seq.]**

**(Against all DEFENDANTS)**

7  48.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

8  allegations in paragraphs 1 through 47.

9  49.    Each and every one of DEFENDANTS' acts and omissions in violation of the

10  California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but

11  not limited to DEFENDANTS' failure to provide required meal periods, DEFENDANTS' failure

12  to authorize and permit rest periods, DEFENDANTS' failure to pay minimum wages for all hours

13  worked, DEFENDANTS' failure to pay overtime compensation, DEFENDANTS' failure to pay

14  all wages due to discharged and quitting employees, DEFENDANTS' failure to furnish accurate

15  itemized wage statements,, and DEFENDANTS' failure to indemnify PLAINTIFF and CLASS

16  MEMBERS for necessary expenditures and/or losses incurred in the discharge of their duties,

17  constitutes unfair and unlawful business practices under California Business and Professions

18  Code § 17200, et seq.

19  50.    DEFENDANTS' violations of California wage and hour laws constitute a business

20  practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over

21  a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and

22  CLASS MEMBERS.

23  51.    DEFENDANTS have avoided payment of minimum wages, overtime wages, meal

24  period premiums, rest break premiums, and other benefits and wages as required by the California

25  Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further,

26  DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state

27  authorities under the California Labor Code and other applicable regulations.

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

12                          CLASS ACTION COMPLAINT

Doc# 1 Page# 12 - Doc ID = 1711560301 - Doc Type = OTHER

52.   As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

53.   DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but within the jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all persons similarly situated, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1.   For compensatory damages in an amount to be ascertained at trial;

2.   For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.   For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 5-2001;

4.   For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.   For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders and from engaging in the unlawful business practices complained of herein;

6.   For waiting time penalties pursuant to California Labor Code § 203;

7.   For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

13                                      CLASS ACTION COMPLAINT

8.   For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194 and 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

9.   For declaratory relief;

10.   For an order certifying this action as a class action;

11.   For an order appointing PLAINTIFF as class representative and PLAINTIFF's counsel as class counsel; and

12.   For such further relief that the Court may deem just and proper.

DATED: September 22, 2017                    Respectfully submitted,

                                             **MATERN LAW GROUP, PC**

                               By:   _____
                                             MATTHEW J. MATERN
                                             LAUNA ADOLPH
                                             KAYVON SABOURIAN
                                             Attorneys for Plaintiff JAMIE MOJARRO,
                                             individually and on behalf of all others similarly
                                             situated

14                          CLASS ACTION COMPLAINT



## DEMAND FOR JURY TRIAL

PLAINTIFF, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues so triable.

DATED: September 22, 2017

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____

MATTHEW J. MATERN
LAUNA ADOLPH
KAYVON SABOURIAN
Attorneys for Plaintiff JAMIE MOJARRO,
individually and on behalf of all others similarly
situated

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

15                      CLASS ACTION COMPLAINT

Doc# 1 Page# 15 - Doc ID = 1711560301 - Doc Type = OTHER

Exhibit A, Page 31

**ORIGINAL**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Matthew J. Matern (SBN 159798); Launa Adolph (SBN 227743)
Matern Law Group, PC.
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
TELEPHONE NO.: (310) 531-1900    FAX NO.: (310) 531-1901
ATTORNEY FOR *(Name)*: Plaintiff Jamie Mojarro

FOR COURT USE ONLY

**FILED**
Superior Court Of California
County Of Los Angeles

SEP 22 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Charlie L. Coleman

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Jamie Mojarro v. Interstate Management Company, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC 677120 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/22/2017

Matthew J. Matern
(TYPE OR PRINT NAME)                          ▶ _____
                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

Doc# 1 Page# 17 - Doc ID = 1711560301 - Doc Type = OTHER

**OR*GINAL**

| SHORT TITLE: Jamie Mojarro v. Interstate Management Company, LLC | CASE NUMBER BC 6 77 120 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**BY FAX**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** — Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** — Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

Doc# 1 Page# 18 - Doc ID = 1711560301 - Doc Type = OTHER

| SHORT TITLE: Jamie Mojarro v. Interstate Management Company, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV-109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Exhibit A, Page 35

(Page 20 of 21)

| SHORT TITLE. Jarnie Mojarro v. Interstate Management Company, LLC | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

(Page 21 of 21)

| SHORT TITLE: Jamie Mojarro v. Interstate Management Company, LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ Stanley Mosk _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 9/22/2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Doc# 1 Page# 21 - Doc ID = 1711560301 - Doc Type = OTHER

Exhibit A, Page 37